**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ADOLFO LEON GARCIA QUINTERO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02970-SHL-cgc |

**ORDER GRANTING PETITION**

On July 31, 2026, pro se Petitioner Adolfo Leon Garcia Quintero filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 2.) He challenges his immigration detention without a bond hearing. (Id. at PageID 5.) On August 5, the Court issued the Order Staying Transfer and Requiring Response. (ECF No. 8.) The Court ordered that Respondent "shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition." (Id. at PageID 96.) Unbeknownst to the Court, however, Respondent had already transferred Petitioner to the River Correctional Center in Ferriday, Louisiana. (ECF No. 12 at PageID 124.) Respondent acknowledges as much in his response. (ECF No. 10 at PageID 100.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Garcia Quintero back to the Western District of Tennessee at the Government's expense and to release him immediately.

**BACKGROUND**

Garcia Quintero is a 22-year-old citizen of Colombia who entered the United States on

July 16, 2024. (Id. at PageID 4.) He is employed as an electrical supervisor, is engaged to a United States citizen, and has no criminal record. (Id. at PageID 7–8.) He was arrested by ICE during a routine check-in on July 22. (Id. at PageID 8.) He seeks release from custody. (Id. at PageID 16.)

## ANALYSIS

Respondent contends that the recent decision in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), "does not control the outcome of this matter." (Id. at PageID 104.) He seeks to distinguish the facts in this case from those in Lopez-Campos, arguing that, unlike the Lopez-Campos petitioners who "resided within the United States for years," Petitioner had resided in the United States for only two years at the time of his arrest. (Id.) He also appears to argue that, because Petitioner voluntarily presented himself for inspection at the border in 2024, he should thereafter be viewed as a noncitizen "seeking admission" who falls outside of the bond requirements of Lopez-Campos. (Id.)

In the alternative, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 101.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to

grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Finally, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee. "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)).

Further, federal Respondents have previously returned habeas petitioners to this District after transferring them away during the pendency of a petition. See, e.g. C.F.M.E. v. Minter, No. 26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order, . . . Petitioner was transferred to a detention facility in Louisiana. However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 17th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE